854 F.2d 1327
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Samuel NIKOLAOU, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 88-3201.
 United States Court of Appeals, Federal Circuit.
 July 13, 1988.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 
 PER CURIAM
 DECISION
 
 1
 Samuel Nikolaou seeks review of the final decision of the Merit Systems Protection Board, Docket No. DC07528710357, affirming the Department of the Navy's decision to remove him from his position as a guard at the Naval Communications Station at Nea Makri, Greece, for insubordinate defiance of authority, refusal to comply with proper orders, wanton disregard of directives, disrespect of authority, and unauthorized absence. We affirm.
 
 OPINION
 
 2
 Nikolaou simply repeats on appeal the arguments he raised before the board. Substantial evidence in the record supports the board's determination, however, that the agency proved its charges. Moreover, Nikolaou does not dispute that he committed the acts on which the charges are based.
 
 
 3
 Contrary to Nikolaou's belief, even as a civilian employee he was required to follow his military supervisor's orders, and his refusal to comply with such orders was insubordination. It is irrelevant that he was not subject to the uniform code of military justice. It was his obligation, as a civilian employee, to obey the orders, oral or written, of any supervisor--including those supervisors in the military. Nikolaou would have been well advised to heed the counsel he timely received to obey the orders he questioned and grieve them later. Such a procedure was familiar to Nikolaou. He previously had filed grievances and had objected to his assignment, to receiving orders, and to a civilian's obligation to follow military orders.
 
 
 4
 Nikolaou states: "I challenged the military order which was allegedly given to me, because it was being forced upon me despite my personal problem(s) and was placing me under duress and depression." Nikolaou failed to explain how the orders were "forced" upon him. Neither does the record contain evidence to support his assertions of duress and depression. Nor did he establish the affirmative defense of reprisal.
 
 
 5
 In view of Nikolaou's conscious, intentional misconduct, which was repeated several times, the penalty of removal was appropriate. Nikolaou's sarcastic comment, that his misconduct "in no way affected the efficiency of the service [because] [t]he service has not operated efficiently," is not viewed by this court as a challenge to that penalty. Rather, it supports the board's assessment of this case: "The whole incident might easily have been averted if appellant had not acted in a belligerent and uncooperative manner."
 
 
 6
 Having considered each of Nikolaou's arguments, as the board did, we affirm on the basis of the board's opinion because we do not find the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c) (1982); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).